CP-96-6                                                          1

En el Tribunal Supremo de Puerto Rico

| In Re | Querella |
|---|---|
| Juan de la Cruz Ríos Rivera | 98TSPR159 |

Número del Caso: CP-96-6

Abogados de la Parte Querellante:   Hon. Carlos Lugo Fiol
                                    Procurador General
                                    Lcda. Ivonne Casanova Pelosi
                                    Procuradora General Auxiliar

Abogado de la Querellada: Por Derecho Propio

Fecha: 11/24/1998

Materia: Conducta Profesional

Este documento constituye un documento oficial del
Tribunal Supremo que está sujeto a los cambios y
correciones del proceso de compilación y publicación
oficial de las decisiones del Tribunal. Su
distribución electrónica se hace como un servicio
público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Juan de la Cruz Ríos
Rivera

                                  CP-96-6


                        PER CURIAM


San Juan, Puerto Rico, a 24 de noviembre de 1998.


    Examinadas las conclusiones de hecho formuladas por el
Comisionado Especial, Hon. Rodolfo Cruz Contreras, las cuales
fueron sometidas ante este Foro en su informe sobre las
alegadas violaciones al Canon 34 de Ética Profesional imputadas
al querellado, Lic. Juan de la Cruz Ríos Rivera, se exonera al
querellado de las violaciones imputadas.

                               I

    El 10 de julio de 1992 el Lic. Máximo Ruidíaz presentó una
queja ante el Juez Administrador del Centro Judicial de
Carolina sobre la supuesta práctica ilegal de la profesión de
varios                                                  abogados

que postulaban ante dicho foro, al incurrir en la práctica de gestionar directamente o a través de otras personas, reclamaciones en las cuales intervenir. Como resultado de tal queja el Juez Administrador refirió a este Foro dicha comunicación y el resultado de una investigación interna que se realizó en dicho Centro Judicial.

De dicha investigación, así como de una investigación realizado por el Procurador General, surgió que varios abogados postulantes utilizaban los servicios de los señores Goyo Viera y Ángel Baliñas para lograr acceso a clientes potenciales en los pasillos del Centro Judicial de Carolina.

El 27 de diciembre de 1993 el Procurador General presentó un informe ante este Foro sobre la conducta profesional del Lic. Juan de la Cruz Ríos Rivera en el cual consideraba que el Lic. Ríos Rivera había incurrido en conducta que violaba el Canon 34 de Ética Profesional, el cual prohibe que un abogado, actuando directamente o a través de intermediarios o agentes, haga gestiones para proporcionarse casos o reclamaciones en que intervenir o para proporcionarlos a otros abogados. 4 L.P.R.A. Ap. IX, C. 34. Se le imputó específicamente haber utilizado los servicios de los señores Goyo Viera y Ángel Baliñas, quienes se dedicaban a buscar clientes potenciales en los pasillos del Centro Judicial de Carolina, y proporcionarse así reclamaciones en las cuales intervenir.

El 19 de abril de 1994 ordenamos al Procurador General radicar la querella correspondiente. El 1 de junio de 1996 el querellado, en su contestación, negó los hechos imputados y solicitó el archivo de la querella. En virtud de lo anterior, el 21 de junio nombramos como Comisionado Especial al Lic. Rodolfo Cruz Contreras para que recibiera y escuchara la prueba presentada por las partes y rindiera un informe ante este Tribunal con las determinaciones de hecho que entendiera procedentes.

Luego de varias conferencias con antelación a vista, y la estipulación de parte de la prueba, se celebró vista a fondo el 11 de

febrero de 1998. En dicha vista se presentaron varios testigos. El Comisionado Especial ordenó la transcripción de la evidencia y notificó a las partes sobre su oportunidad para radicar objeciones a dicha transcripción. Ninguna de las partes presentó objeción alguna.

El 24 de marzo de 1998 el Comisionado Especial presentó su informe. De las conclusiones de hecho a las que llegó, luego de analizar toda la prueba presentada y estipulada, concluyó que, aunque existía la práctica de solicitar clientes en los pasillos del Centro Judicial de Carolina, no existía evidencia que vinculara al querellado con lo imputado en el cargo. Consideró que ninguno de los testigos presentados aportó prueba que demostrara que el querellado utilizó los servicios de los señores Viera y Baliñas para obtener clientes.

El Procurador General presentó, el 14 de abril de 1998, su oposición a algunas de las conclusiones de hecho formuladas por el Comisionado Especial. Con el beneficio de ambos escritos procedemos a resolver.

## II

Anteriormente hemos analizado la naturaleza de la función encomendada a un Comisionado Especial designado por este Foro para atender una querella incoada contra un abogado. Hemos determinado que corresponde al Comisionado Especial recibir prueba y, evaluar y dirimir la evidencia conflictiva. *In re Morales Soto*, Opinión del Tribunal de 21 de enero de 1994. El Comisionado ocupa el papel del juzgador de instancia y, por lo tanto, está en mejor posición para aquilatar la prueba testifical. *Id*. a la pág. 11469. Es por esta razón que sus determinaciones al evaluar esa prueba merecen nuestra mayor deferencia. *In re Soto López*, Opinión del Tribunal de 5 de abril de 1994.

Hemos reiterado que aunque este Foro no está obligado a aceptar el informe de un Comisionado Especial nombrado para atender una querella contra un abogado, pudiendo este Tribunal adoptar, modificar o rechazar tal informe, no alteraremos las conclusiones de hecho de un Comisionado

Especial salvo que se demuestre prejuicio, parcialidad o error manifiesto. *In re Soto López*, supra a la pág.11746.

Un examen cuidadoso del expediente de este caso, incluyendo la transcripción de la evidencia, revela que las determinaciones de hecho del Comisionado se sostienen de la prueba que tuvo ante sí. En aquellas situaciones de testimonio conflictivo, el Comisionado adjudicó, como le correspondía, la cuestión de credibilidad. *In re Morales Soto*, supra a la pág. 11469.

Nada hay ante nos que demuestre que hubo prejuicio, parcialidad o error manifiesto en las determinaciones de hecho a que llegó el Comisionado. Por lo tanto, no existe razón alguna para intervenir, y menos aun para alterar, la expresa determinación del Comisionado Especial a los efectos de que nada en el testimonio de los testigos lleva a concluir que el Lic. Ríos Rivera cometió los hechos imputados en la querella presentada.

En consecuencia y por las razones expresadas, procede exonerar al querellado de las violaciones imputadas.

Se dictará la sentencia correspondiente.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Juan de la Cruz Ríos
Rivera

                              CP-96-6

                             SENTENCIA

San Juan, Puerto Rico, a 24 de noviembre de 1998.

     Por las razones expuestas en la Opinión del Tribunal, la cual se hace formar parte integral de la presente, se exonera al querellado de las violaciones imputadas.

     Así lo pronunció y manda el Tribunal y certifica la Secretaria del Tribunal Supremo.


                    Isabel Llompart Zeno
               Secretaria del Tribunal Supremo